

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-11-00278-CR

Frank Norman **SMITH** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 10-0780-CR
Honorable Dwight E. Peschel, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  November 28, 2012

AFFIRMED

Frank Norman Smith Jr. was convicted of delivery of a controlled substance and sentenced to a term of thirty-six years in prison.  He appeals the judgment, asserting that his right of confrontation was violated when a witness was allowed to testify using a pseudonym, the evidence was legally insufficient to support the jury's verdict because the informant's testimony was not corroborated, and his trial counsel rendered ineffective assistance.  We affirm the trial court's judgment.

**BACKGROUND**

Guadalupe County Deputy Sheriff Trey Kelly testified he received a phone call from an informant who said he needed money and wanted help on a case in another jurisdiction. Deputy Kelly had the informant place a telephone call to Smith for the purpose of arranging the purchase of $230 worth of cocaine. The call was recorded and played for the jury at trial. Lieutenant John Flores, also with the Guadalupe County Sheriff's Office, testified the informant was to purchase the cocaine at a convenience store across the street from a local university and that the informant had previously purchased cocaine from Smith. Lieutenant Flores explained to the jury the procedures followed to make the purchase. These procedures included thoroughly searching the informant for drugs before and after the drug transaction, placing a device on the informant to obtain a video recording of the transaction, and arranging for five law enforcement officers to conduct surveillance of the location during the transaction. Lieutenant Flores testified that the informant did not have any drugs on him before meeting with Smith and the informant had a clear plastic bag with two "rocks" of cocaine when he returned.

The video recording[1] of the transaction was played for the jury, and both the informant and Lieutenant Flores testified. Lieutenant Flores testified that he saw the transaction as it occurred and that his testimony was based on both what he saw and on what he saw depicted in the videotape. Lieutenant Flores testified the informant waited for Smith in front of the convenience store. When a Ford Explorer driven by Smith approached, the informant opened one of the doors and climbed inside. Lieutenant Flores testified the videotape depicts the informant counting out money and handing it to Smith, who "grabbed" the money. The State also introduced a photograph taken from the videotape. Lieutenant Flores pointed out that the

---

[1] The transaction is not clearly depicted on the videotape. The camera was pointed in an upward direction and shows the interior roof of the vehicle during most of the events.

person in the photograph had a tattoo of a teardrop on his right cheek and testified that Smith had the same tattoo in the same location. He also stated he could identify Smith's voice on the recording.

The informant testified he knew Smith because they attended the same high school. He testified he called Smith and arranged to buy one-quarter ounce of cocaine from him for $230. The deputies thoroughly searched him before the transaction and gave him the money to be used for the purchase. The informant testified that when Smith arrived at the convenience store, he opened the vehicle's door and handed Smith the money. Smith handed him a package of cocaine in return. He testified he left the vehicle, returned to where the deputies were waiting, and gave them the cocaine he purchased from Smith. A toxicologist from the Texas Department of Public Safety testified that the substance submitted to his lab contained cocaine and weighed 3.84 grams

The jury found Smith guilty as charged in the indictment. During the punishment phase Smith pled "true" to an enhancement allegation, and the jury assessed a sentence of thirty-six years in prison.

### USE OF A PSEUDONYM

Smith complains the trial court violated his right to confrontation when it allowed the informant to testify using a pseudonym. At the beginning of his testimony, the informant stated he wanted to be referred to as "CS-0905" during his testimony. After Smith objected based on his right to confrontation, the court held a bench conference during which the State insisted the use of the pseudonym was necessary to protect the informant against potential retaliation. The State told the court the witness was expected to testify in at least one other trial and it was concerned that potential defendants could obtain the record and learn the informant's name, which could pose a threat to the informant. The State also offered to provide Smith "any other

information regarding him; his criminal history, *et. cetera*." The trial court ruled the informant could testify using the pseudonym and the State need not disclose his name. Smith moved for a mistrial, which the court denied. Smith did not ask the court for any other relief. Smith now asserts the trial court's actions also violated rule 508 of the Texas Rules of Evidence. However, because Smith failed to present this complaint to the trial court, he cannot raise it for the first time on appeal. *See* TEX. R. APP. P. 33.1

*Right to Confrontation*

The Sixth Amendment guarantees an accused the right to confront the witnesses against him. *Maryland v. Craig*, 497 U.S. 836, 844 (1990). The United States Supreme Court has identified four core rights guaranteed by the Confrontation Clause — physical presence of the witness, testimony under oath, cross-examination, and observation of the witness's demeanor by the trier of fact. *Id*. at 846. Any violation of the right to confrontation is subject to a review of whether the error was harmless. *Coy v. Iowa*, 487 U.S. 1012, 1022 (1988).

*Discussion*

In his brief, Smith asserts there "is no meaningful confrontation" under our state and federal constitutions when a witness is unidentified. Smith argues the refusal to identify affects the ability to investigate the witness's background, voir dire the jurors as to their knowledge of the witness, or determine if a juror has a relationship with the witness. All of these issues are valid concerns, but Smith sought no relief from the trial court based on the concerns now raised on appeal. The record does not disclose whether Smith accepted the State's offer to provide the witness's criminal history, but it demonstrates he did not request the court to question the jurors about their knowledge of the witness or any relationship with him. Smith does not assert the failure to identify the witness before the jury prevented an effective cross-examination because

he was unable to investigate the witness's background or reputation. *See Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000) ("A primary interest secured by the Confrontation Clause is the right of cross-examination.").

Smith offers no argument how the failure to identify the witness by name implicated any of the four core concerns that comprise the essence of the right to confrontation. That is, Smith offers no argument that the failure to identify the witness by name impaired or diminished his constitutional right of confrontation when the witness testified under oath before the jury, was subjected to cross-examination, and the jury was able to view the witness's demeanor during his testimony. *See Romero v. State*, 173 S.W.3d 502, 505-06 (Tex. Crim. App. 2005) (holding that allowing witness to wear disguise that obscured facial features impaired "physical presence" and "demeanor" elements and violated defendant's right to confrontation).

Even assuming the trial court erred, we are able to say beyond a reasonable doubt the failure to identify the witness by other than a pseudonym did not contribute to Smith's conviction. *See Snowden v. State*, 353 S.W.3d 815, 818 (Tex. Crim. App. 2011) (standard of review for constitutional error); TEX. R. APP. P. 44.2(a) (same). "[A]n analysis for whether a particular constitutional error is harmless should take into account any and every circumstance apparent in the record that logically informs an appellate determination whether 'beyond a reasonable doubt [that particular] error did not contribute to the conviction or punishment.'" *Id.* at 822 (*quoting* TEX. R. APP. P. 44.2(a)). There is nothing in the record to indicate the witness's use of a pseudonym was highlighted by either party to Smith's detriment and none of the four core elements of the confrontation right was impaired by the use of the pseudonym. Any error is harmless beyond a reasonable doubt and Smith's point of error is overruled.

**CORROBORATION AND ARTICLE 38.141**

Smith next argues the judgment should be reversed because there is insufficient evidence to corroborate the informant's testimony that Smith delivered the cocaine. Article 38.141 of the Texas Code of Criminal Procedure provides that a person may not be convicted of an offense under Chapter 481 of the Health and Safety Code (Texas Controlled Substances Act) upon the testimony of someone not a licensed peace officer or special investigator unless the person's testimony is corroborated by other evidence tending to connect the defendant to the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.141 (West 2005). The corroboration requirement is similar to the corroboration required of an accomplice witness. *See id.* art. 38.14. The standard for evaluating the sufficiency of the corroborating evidence under article 38.141 is the same as that used to evaluate sufficiency under the accomplice-witness rule. *Malone v. State*, 253 S.W.3d 253, 258 (Tex. Crim. App. 2008). Under the accomplice-witness rule, the corroborative evidence need not be sufficient in itself to establish guilt, nor must it directly link the accused to the commission of the offense. *Brown v. State*, 270 S.W.3d 564, 567 (Tex. Crim. App. 2008), *cert. denied*, 129 S.Ct. 2075 (2009). Rather, the independent "'evidence must simply link the accused in some way to the commission of the offense and show that rational jurors could conclude that this evidence sufficiently tended to connect [the accused] to the offense.'" *Simmons v. State*, 282 S.W.3d 504, 508 (Tex. Crim. App. 2009) (quoting *Malone*, 253 S.W.3d at 257). Non-accomplice testimony that places a defendant at or near the scene of the crime near the time of the crime's commission is a factor that tends to connect the defendant to the crime. *Brown v. State*, 672 S.W.2d 487, 489 (Tex. Crim. App. 1984). We view the independent evidence in the light most favorable to the jury's verdict to determine whether it tends to link the defendant to the crime. *Brown*, 270 S.W.3d at 567.

The informant was corroborated by the testimony of Lieutenant Flores and the video recording. Lieutenant Flores testified he watched the transaction as it occurred and viewed the video recording of the transaction. He was able to positively identify Smith in the recording. He took a photograph from the recording, identified Smith as the person in the photograph, and testified he was able to identify Smith as the person depicted in the photograph from his facial features and from the teardrop tattoo on his right cheek. Lieutenant Flores also testified he recognized Smith's voice on the video recording as Smith was talking to the informant. Lieutenant Flores testified Smith was the person in the vehicle who reached for the money the informant used to purchase the drugs. He further testified that the informant had two rocks of cocaine when returned from meeting with Smith. This evidence places Smith at the scene when the offense was committed and shows he was involved in the transaction.

Smith contends that none of this evidence is sufficient to show he was the person who delivered the drugs to the informant. Both at trial and on appeal Smith postulated that the informant may have retrieved the drugs when the informant used the bathroom in the convenience store while waiting for the drug delivery or was approached by another person while out of view of the surveillance officers. Smith also points out that another individual was in the vehicle at the time of the delivery. However, these arguments fail because of the standard with which we review the sufficiency independent corroborating evidence. The evidence must simply link the accused in some way to the commission of the crime and show that rational jurors could conclude that this evidence sufficiently tended to connect the accused to the offense. *Simmons*, 282 S.W.3d at 508; *Brown*, 270 S.W.3d at 567. Viewing the evidence in the light most favorable to the jury's verdict, a rational juror could have concluded the evidence, independent

of the informant's testimony, tended to connect Smith to the offense charged. We overrule the point of error.

### INEFFECTIVE ASSISTANCE

Lastly, in two separate issues Smith asserts his trial counsel rendered ineffective assistance. Smith points to his counsel's failure to request a jury instruction on corroboration of the informant's testimony and his counsel's failure to request dismissal of the charges because the State refused to disclose the informant's name.

To establish ineffective assistance of counsel, a defendant must show his trial counsel's performance was deficient and the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, the defendant must prove by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Our review of defense counsel's representation is "highly deferential" and we presume "counsel's actions fell within the wide range of reasonable and professional assistance." *Bone*, 77 S.W.3d at 833. To overcome this presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813. "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). When the record contains no direct evidence of counsel's reasons for the challenged conduct, we "will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). We "will not conclude the challenged conduct constituted deficient performance unless the conduct

was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), *cert. denied*, 537 U.S. 1195 (2003).

A defendant claiming ineffective assistance of counsel must also establish prejudice by showing "a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Failure to prove either deficient performance or prejudice is fatal to any complaint of ineffective assistance. *Strickland*, 466 U.S. at 700. A reviewing court need not consider both prongs of the Strickland test and can dispose of an ineffectiveness claim if the appellant fails to demonstrate sufficient prejudice. *Cox v. State*, No. PD-1886-11, 2012 WL 5232142 at *1 (Tex. Crim. App. Oct. 24, 2012).

*Failure to Request Jury Instruction*

When a witness is an accomplice as a matter of law, trial counsel's failure to request an instruction on accomplice-witness testimony allows the jury to base its verdict on the accomplice's testimony alone, without regard to whether it believes any of the corroborating evidence. *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). When the State's case for conviction depends heavily on the testimony of an accomplice as a matter of law, failure to request an accomplice-witness instruction renders counsel's performance objectively unreasonable. *Id.* Smith was entitled to an instruction under article 38.141 as a matter of law because the informant was not a licensed peace officer or special investigator. As in *Davis*, we hold that trial counsel's failure to request a jury instruction when it was available as a matter of law constitutes deficient performance.

When trial counsel's performance is deficient for failing to request a corroboration instruction, we measure prejudice by determining whether "there was a substantial amount of non-accomplice evidence and whether the record reveals any rational basis on which the jury could have doubted or disregarded that evidence." *Id*. at 353. Lieutenant Flores testified that Smith was in the vehicle where the drug transaction took place, Smith took the money from the informant, and the informant returned to the surveillance vehicle with cocaine after meeting with Smith. This is substantial non-accomplice evidence. We recognize that the jury is the ultimate arbiter of a witness's credibility. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). However, it is apparent from the jury's verdict that the jury believed the lieutenant's testimony, and there is nothing in the record that would provide a rational basis for the jury to have doubted or disregarded the testimony. Reviewing the evidence under the appropriate standard, we conclude Smith failed to prove that he was prejudiced by his counsel's failure to request an accomplice-witness instruction.

*Failure to Request Rule 508 Dismissal*

Smith also contends his trial counsel rendered ineffective assistance because counsel did not request a dismissal of the charges under rule 508 of the Texas Rules of Evidence. In a single sentence and without citation to authority, Smith argues that there could be "no trial strategy in failing to request an instruction which would be granted and would result in [the] dismissal of charges." We disagree that the trial court would have been compelled to dismiss the charges had Smith's counsel requested it. The State's privilege to refuse to disclose the identity of a confidential informant does not apply where, as in this case, the informant appears as a witness for the State. TEX. R. EVID. 508(c)(1). However, Smith has made no showing that he was harmed in any way by the trial court's refusal to require the State to reveal the witness's name.

The witness testified in open court and Smith's counsel told the trial court he was sure his client knew who the informant was and what his name was. Moreover, the State offered to make the informant's criminal history and other such information available to the defense.

The exception to the informer's privilege in rule 508(c)(2), which Smith relies on, has no application in this case.[2] Rule 508(c)(2) applies when a defendant shows that an informer's testimony is necessary to a fair determination of guilt or innocence and the State refuses to identify the informant so that he can be made to testify. Because the informant in this case testified at trial, dismissal would not have been required under rule 508(c)(2) even if it had been requested. Smith failed to prove his trial counsel's performance was deficient in respect to a failure to request a dismissal under rule 508. Smith's point of error relating to ineffective assistance of counsel is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

PUBLISH

---

[2] Rule 508(c)(2) provides in relevant part:

> *Testimony on merits.* If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of . . . guilt or innocence in a criminal case, and the public entity invokes the privilege, the court shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony. The showing will ordinarily be in the form of affidavits, but the court may direct that testimony be taken if it finds that the matter cannot be resolved satisfactorily upon affidavit. If the court finds that there is a reasonable probability that the informer can give the testimony, and the public entity elects not to disclose the informer's identity, the court . . . in a criminal case shall, on motion of the defendant, and may, on the court's own motion, dismiss the charges as to which the testimony would relate.

TEX. R. EVID. 508.