

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1886-11

---

**KENYON GRADY COX, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

---

*Womack, J., delivered the opinion for a unanimous Court.*

The issue in this case is whether defense counsel's misstatement in voir dire about the concurrent-sentencing law denied his client the effective assistance of counsel. We hold that it did not.

The appellant was convicted of two counts of aggravated sexual assault[1] and two counts

---

[1] *See* TEX. PENAL CODE § 22.021.

of indecency with a child.[2] The Second Court of Appeals reversed the trial court's judgment as to punishment and remanded for a new punishment trial.[3] We granted the State's petition for discretionary review on five grounds, all of which present the issue of ineffective assistance.

**I**

During voir dire, a venire member asked the appellant's counsel if the appellant's sentences would run concurrently or consecutively. At first counsel said that they would run concurrently, but he later agreed with the State that this would be addressed in the charge of the court. Neither answer was correct.[4]

The jury convicted the appellant of two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. During the punishment deliberations, the jury foreman sent the trial judge a note asking whether the appellant's sentences would run concurrently or consecutively. The judge responded that he could not answer the question. The jury then assessed the maximum punishment on each count: life imprisonment and a $10,000 fine. The trial court ordered the sentences to be served consecutively.

The Second Court of Appeals found that the appellant's trial counsel rendered ineffective assistance "by misstating the application of the stacking law to the venire panel and by not ensuring that such misstatement was corrected before the jury delivered its punishment verdict."[5]

---

[2] *See* TEX. PENAL CODE § 21.11.

[3] *Cox v. State*, No. 02-09-00297, 2011 Tex. App. LEXIS 9197 (Tex. App.–Fort Worth Nov. 17, 2011).

[4] *See* TEX. PENAL CODE § 3.03(b)(2)(A);TEX. CODE CRIM. PROC. art. 42.08(a). *See also Stewart v. State*, 221 S.W.3d 306, 316 (Tex. App.–Fort Worth 2007, no pet.) (citing *Clay v. State*, 102 S.W.3d 794, 798 (Tex. App.–Texarkana 2003, no pet.))*; Levy v. State*, 860 S.W.2d 211, 213 (Tex. App.–Texarkana 1993, pet. ref'd);.

[5] *Cox*, 2011 Tex. App. LEXIS 9197.

The Court reached its conclusion by pointing to our opinion in *Andrews v. State*,[6] in which we held that there can be no reasonable trial strategy in "fail[ing] to object to the prosecutor's misstatement of the law regarding whether the appellant's sentences could be stacked [when trial counsel] knew that the State had filed a motion to cumulate the sentences."[7]

Now, on appeal to this court, the State contends that *Andrews* is distinguishable.

## II

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that (1) his counsel's representation fell below the standard of prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.[8] A reasonable probability is a probability sufficient to undermine confidence in the outcome."[9]

The first prong need not be addressed first. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice … that course should be followed."[10] This is such a case.

In *Andrews*, we departed from our usual practice[11] and held that the trial record, alone,

---

[6] 159 S.W.3d 98 (Tex. Cr. App. 2005).

[7] *Id.*, at 103.

[8] *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Cr. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[9] *Strickland*, at 694.

[10] *Id.*, at 697.

[11] A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective-assistance claim. *Salinas v. State*, 163 S.W.3d, at 740. Indeed, "[i]n the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Cr. App. 2001).

established that there was a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.[12] We determined that such a finding could be made on the record because trial counsel had "left the jury with the false impression that the maximum sentence that the appellant would serve was twenty years…. In fact, the appellant was sentenced to a total of 78 years."[13] We concluded, "[b]ecause the jury received incorrect information about the appellant's punishment, the record supports the conclusion that there is a reasonable probability that the result would have been different."[14]

The State argues that, although this jury received incorrect information, "logically … [it] could not have been influenced" by it because the jury sent a note to the trial court asking if the appellant's sentences would run concurrently or consecutively. Therefore, the State argues, it cannot be said from the trial record alone that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. We agree.

Whether the appellant was to be sentenced concurrently or consecutively was not an issue for the jury. It was for the judge to determine.[15] If the jury was in a state of uncertainty as to what the judge would decide, it was just where the statutes have decreed it should have been.

We are not persuaded by the appellant's argument that, because the jurors never received clarification on the sentencing issue, they naturally reverted to the appellant's trial counsel's earlier misstatement. We believe this to be too broad an assumption to square with *Strickland*'s

[12] *Andrews*, 159 S.W.3d, at 103.

[13] *Ibid.*

[14] *Ibid.*

[15] *See* n. 4, *supra*.

requirement of a reasonable probability of prejudice. Certainly, it is possible that the jury reverted to the earlier misstatement. But we do not believe, on the trial record alone, that it is reasonably probable. Accordingly, we find that the Court of Appeals incorrectly held that there was a reasonable probability that, but for counsel's conduct, the result of the trial would have been different. Thus, we need not address whether counsel's performance was, in fact, deficient.

Finally, in light of the Court of Appeals's opinion in this case, we believe it necessary to clarify our opinion in *Andrews.* Our statement, "Because the jury received incorrect information about the appellant's punishment, the record supports the conclusion [that the second *Strickland* prong had been satisfied]," was only a rationale for the holding in that case. It was not a holding that the second *Strickland* prong has been satisfied whenever a jury receives incorrect information.

**III**

The Court of Appeals erred in holding that the appellant's trial counsel rendered ineffective assistance. This record does not indicate that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. We reverse the judgment of the Court of Appeals and affirm the judgment of the trial court.

Delivered October 24, 2012.
Publish.