

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00071-CR

Jason **MEDINA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR1905
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:   Patricia O. Alvarez, Justice

Sitting:   Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  June 12, 2013

AFFIRMED

Jason Medina was convicted by a jury of possession of a firearm by a felon and sentenced to twenty years imprisonment.  Medina asserts three issues on appeal, contending: (1) the trial court erred in denying his motion to suppress; (2) the omission of an Article 38.23 instruction from the jury charge resulted in egregious harm; and (3) trial counsel rendered ineffective assistance of counsel.  We overrule Medina's issues and affirm the trial court's judgment.

**MOTION TO SUPPRESS**

In his first issue, Medina contends the trial court erred in denying his motion to suppress because the officer who stopped the vehicle in which he was a passenger did not have reasonable suspicion to stop the vehicle. The State responds that reasonable suspicion supported the stop.

"We review a trial court's ruling on a motion to suppress under a bifurcated standard of review." *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *accord Martinez v. State*, 275 S.W.3d 29, 34 (Tex. App.—San Antonio 2008, no pet.). "We give 'almost total deference' to the trial court's findings of historical facts that are supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor." *Martinez*, 275 S.W.3d at 34; *see Valtierra*, 310 S.W.3d at 447; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). "When the trial court does not enter findings of fact, we 'must view the evidence in the light most favorable to the trial court's ruling' and 'assume the trial court made implicit findings of fact to support its ruling as long as those findings are supported by the record.'" *Valtierra*, 310 S.W.3d at 447; *accord Martinez*, 275 S.W.3d at 34.

"A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). "This standard is an objective one that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention." *Id.* "It also looks to the totality of the circumstances; those circumstances may all seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified." *Id.*

Officer Daniel Moynihan testified that he was responding to a call for loud music at approximately 12:30 a.m. when he heard a gunshot north of the location to which he was responding. Officer Moynihan stated that three seconds after he heard the gunshot, he observed a car "screeching up to the stop sign" in his location. Based on his concern that the car was somehow involved in the gunshot, Officer Moynihan exited his vehicle and illuminated the other car with his flashlight. As Officer Moynihan approached the car, he saw a shotgun laying across the passenger's lap. After further investigation, Officer Moynihan determined that the passenger, Medina, was a convicted felon and arrested him for possession of a firearm by a felon. On cross-examination, Officer Moynihan testified that he stopped the vehicle based on "the totality of the circumstances," stating, "I heard the gunshot, the vehicle came from the direction of the gunshot, and then came to a screeching halt at the stop sign." Officer Moynihan also stated that he did not see any other vehicles on the roadway when he stopped the car.

In *Faulker v. State*, 727 S.W.2d 793 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd), the Houston court considered a similar issue. In that case, an officer was responding to a disturbance call from an apartment complex around 3:00 a.m., when he heard four gunshots coming from the north, behind the apartments. *Id*. at 795-96. As the officer was leaving the apartment complex to proceed to a school located just north of the apartment complex, "he observed a brown pick-up truck make a 'pretty quick' u-turn in the roadway." *Id*. at 795. The officer did not see anyone else in the area. *Id*. at 796. The Houston court held that the facts were sufficient to establish reasonable suspicion to justify the officer's stop of the truck. *Id*.; *see also Carraway v. State*, No. B14-92-00758-CR, 1993 WL 263400, at *2 (Tex. App.—Houston [14th Dist.] July 15, 1993, no pet.) (holding facts justified temporary detention when officer heard numerous shots coming from an apartment complex around 11:30 p.m. and, moments later, observed appellant's car leaving that complex at a high rate of speed).

In this case, Officer Moynihan heard the gunshots and observed the car in which Medina was a passenger appear from the area in which the gunshots were fired within seconds. The car then came to a screeching halt at the stop sign, and Officer Moynihan did not see any other vehicles on the roadway. Given the totality of the circumstances, we hold that Officer Moynihan had reasonable suspicion to stop the car. Medina's first issue is overruled.

### JURY CHARGE

In his second issue, Medina asserts that the trial court erroneously failed to include an Article 38.23 instruction in the jury charge because the testimony at trial raised a fact issue with regard to whether Officer Moynihan had reasonable suspicion to stop the vehicle in which Medina was a passenger. The instruction would have informed the jury to disregard Medina's statement that he shot the gun which was made after the stop if the jury believed, or had a reasonable doubt, that the stop was illegal. Medina acknowledges that no objection was made with regard to the omission of the Article 38.23 instruction and that the record must show egregious harm in order for Medina to prevail on this issue.

Article 38.23(a) states that:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). "The trial judge has an absolute *sua sponte* duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged." *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). "Article 38.23 is 'the law applicable' to any case in which a specific, disputed issue of fact is raised"

- 4 -

regarding whether a "statement was illegally obtained." *Oursbourn v. State*, 259 S.W.3d 159, 181 (Tex. Crim. App. 2008).

The only person who testified at trial regarding the circumstances of the stop other than Officer Moynihan, whose testimony was consistent with his testimony during the suppression hearing, was the driver of the vehicle, Manual Ruiz. Ruiz testified he was returning from a store with Medina when he decided to fire a gun he was thinking about purchasing from Medina's girlfriend to determine if the gun worked. Ruiz described the car he was driving as a small compact car. Ruiz stated that he exited the car, went into the woods, and shot the gun twice. Ruiz then picked up the shell casings, returned to the car, and placed the gun in the hatchback of the car. While driving back to Medina's apartment, Ruiz stopped at a corner, where a police officer was waiting with a spotlight. Ruiz testified that he was traveling approximately fifteen to twenty miles an hour when he stopped at the stop sign, and his tires did not screech. Ruiz stated that he arrived at the stop sign about four minutes after he fired the gun.

"A defendant must establish three foundation requirements to trigger an Article 38.23 instruction: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the statement claimed to be involuntary." *Oursbourn*, 259 S.W.3d at 177. In his brief, Medina asserts these three requirements were met because Ruiz's testimony raised material fact issues with regard to whether Officer Moynihan had reasonable suspicion to stop the vehicle. Specifically, Medina points to disputed testimony regarding the number of shots that were fired from the gun, whether the vehicle arrived at the location of the stop within three seconds after the firing of the shots, and whether the vehicle had been traveling at a rate of speed that would cause it to "screech" to a stop. The State responds that whether the car "screeched" to a stop was not a material fact in determining whether Officer

Moynihan had reasonable suspicion to stop the car. We do not reach the issue of whether the Article 38.23 instruction was required under the facts of the instant case because even if we assume the instruction was required, the record does not establish that its omission resulted in egregious harm.

Egregious harm is established if the record shows that the appellant has suffered such harm that he has not had a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). "[T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id*.

In this case, Medina would be entitled to a reversal only if he was deprived of a fair and impartial trial by the trial court's failure to instruct the jury that it could not consider Medina's statement that he shot the gun if it believed, or had a reasonable doubt, as to whether Officer Moynihan had sufficient facts to justify his initial stop of the vehicle. Under the evidence presented, however, the jury would have decided not to consider Medina's statement only if the jury believed Ruiz's testimony regarding the circumstances surrounding the stop. If the jury believed Ruiz's testimony, however, the jury would have acquitted Medina since Ruiz also testified that the gun was in Ruiz's possession and that he fired the shots. The absence of the Article 38.23 instruction did not affect the jury's consideration of the credibility of the witnesses. Nothing in the record supports the contention that the jury might have chosen to believe Officer Moynihan's testimony regarding the statements Medina made at the scene of the investigation but disbelieved his testimony regarding the circumstances surrounding the initial stop. Accordingly, Medina was not deprived of a fair and impartial trial by the omission of an Article 38.23 instruction, and his second issue is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his final issue, Medina contends trial counsel was ineffective because he filed inappropriate pre-trial motions and numerous motions for continuance. Medina also contends that trial counsel failed to effectively communicate with him. Medina asserts that trial counsel's actions "dramatically increased" his time in jail by delaying the commencement of trial.

"To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that (1) his counsel's representation fell below the standard of prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's deficiency, the ***result*** of the trial would have been different." *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012) (emphasis added); *see also Strickland v. Washington*, 466 U.S. 668 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cox*, 389 S.W.3d at 819. "'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice … that course should be followed.'" *Id*. (quoting *Strickland*, 466 U.S. at 694).

In this case, Medina's argument is focused on the delays occasioned by trial counsel's actions rather than the result or outcome of the trial. Even assuming the delays unnecessarily lengthened Medina's pre-trial incarceration, the record does not establish that Medina's defense was prejudiced by the delays. Moreover, Medina does not show how the result or outcome of his trial would have been different if the trial had proceeded sooner than it did. Accordingly, because Medina failed to establish a reasonable probability that the result of his trial would have been different absent his trial counsel's alleged deficiencies, we overrule Medina's final issue.

## CONCLUSION

The trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

DO NOT PUBLISH