

# NUMBER 13-13-00444-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

KEDRICK DARON FLETCHER,                                    Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

---

### On appeal from the 329th District Court
### of Wharton County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Kedrick Daron Fletcher challenges his conviction for possession of four grams or more but less than 200 grams of a controlled substance with intent to deliver, a first-degree felony.   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010).   The jury returned a guilty verdict.   For enhancement purposes, it found that Fletcher possessed the substance in a drug-free zone and that he had two prior convictions.   *See*

TEX. PENAL CODE ANN. § 12.42 (West Supp. 2012). The jury sentenced Fletcher to fifty years in the Institutional Division of the Texas Department of Criminal Justice. By two issues, Fletcher contends that (1) the trial court erred when it admitted the opinion testimony of Detective Jason Mican; and (2) alternatively, the admission of this testimony, even if no objection was made, constituted fundamental structural error and should be addressed on appeal. By a third issue, Fletcher argues that by not objecting to this lay opinion testimony, his trial counsel was ineffective. We affirm.

## I. BACKGROUND

Detective Mican, a narcotics task force officer who conducted a raid at a hotel on a "no-knock" search warrant, testified that he was the first person to enter the hotel room on the night Fletcher was arrested.[1] Detective Mican testified that he hit or "rammed" the door and yelled, "Search warrant, police, get down, search warrant." According to Detective Mican, he immediately saw Fletcher who "stood up from the bed and raised his arms up into the air," letting go of something in his hand—a bag of marihuana that hit Detective Mican on the chest and fell to the ground. When he stood, Fletcher was between the bed and a couch where two other occupants of the room were seated.[2]

Detective Mican described the hotel room. In addition to the hotel furnishings, there were a number of items on top of the bed, which he identified from pictures that were admitted as trial exhibits. According to Detective Mican, the following items were on the bed only inches away from Fletcher: (1) two pillows; (2) a purse; (3) a box of

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] Detective Mican later identified the two people on the couch as Jeffrey King and Audrey Gebara and described them as drug users.

"Swisher Sweets," which he described as cigar-cigarettes; (4) a clear plastic baggie containing crack cocaine; (5) two clear plastic baggies containing cocaine in its powder form; (6) a lighter; and (7) baking soda. Detective Mican also identified a glass crack pipe that was found on the couch and a clear plastic bag of marihuana in an open dresser drawer.

Detective Mican responded to the State's questions, as follows:

Q. Well, were all three suspects arrested?

A. Yes, they were.

Q. Were they all arrested for possession of that cocaine?

A. Yes, they were.

Q. Based on your training and experience and what you saw that night, is there any doubt in your mind that all three are responsible and had control over that cocaine?

A. No doubt.

Fletcher did not object to Detective Mican's opinion testimony.

## II. PRESERVATION

By his first issue, Fletcher asserts that the trial court erroneously admitted Detective Mican's lay opinion testimony because it constituted an impermissible opinion as to Fletcher's guilt. Detective Mican testified that three people, including Fletcher, had responsibility for and possession of cocaine found in the hotel room. Fletcher contends that Detective Mican's opinion `constituted an impermissible opinion as to Fletcher's guilt and that the trial court admitted that testimony in error. However, to preserve a complaint of error relating to the admission of evidence, an appellant must have made a specific and timely objection to the evidence at trial. *See* TEX. R. APP. P. 33.1(a);

3

*Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Because Fletcher failed to make a timely and specific objection to Detective Mican's lay opinion testimony at trial, he preserved nothing for our review. We overrule Fletcher's first issue.

### III. FUNDAMENTAL STRUCTURAL ERROR

By his second issue, Fletcher argues, in the alternative, that the trial court's error constituted fundamental structural error, and, even without objection, we should address his appellate issue. *See Arizona v. Fulminante*, 499 U.S. 279, 309–10 (1991) (explaining that only in the case of fundamental or structural error is an unobjected-to error preserved for appeal); *Rey v. State*, 897 S.W.2d 333, 344–45 (Tex. Crim. App. 1995) (en banc) (same). However, we conclude below that the trial court did not err in admitting the complained-of testimony, and, without error, the premise of this argument fails. We overrule the second issue.

### IV. INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIM

By his third issue, Fletcher argues that his trial counsel provided ineffective assistance based on his failure to object to Detective Mican's lay opinion testimony relating to Fletcher's possession of the cocaine. The State responds that counsel was not ineffective for not objecting because the testimony was permissible lay opinion based on the witness's perceptions and because it was helpful to the jury to understand his testimony or to determine a fact issue. We agree with the State.

### A. Standard of Review and Applicable Law

We review ineffective assistance of counsel claims under the two-pronged test articulated in *Strickland v. Washington*. 466 U.S. 668, 687 (1984); *see Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (en banc) (adopting *Strickland* as

4

applicable standard under Texas Constitution). The first prong of the *Strickland* test requires a showing that counsel's performance was deficient; that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The second prong of the *Strickland* test requires a showing that counsel's deficient performance prejudiced the defense; that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697; *see Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012) (concluding that a reviewing court need not consider both prongs of the Strickland test and can dispose of an ineffectiveness claim if the defendant fails to demonstrate sufficient prejudice).

Our review of a claim of ineffective assistance of counsel must be highly deferential to trial counsel's trial strategies and decisions. *Strickland,* 466 U.S. at 689. "To successfully assert that trial counsel's failure to object amounted to ineffective assistance, the [appellant] must show that the trial judge would have committed error in overruling such an objection." *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2011). The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement. *Id.* If the trial court's decision is correct on any theory of law applicable to the case, we will uphold the decision. *De La Paz v. State*, 279 S.W.3d

336, 344 (Tex. Crim. App. 2009).

## B.  Discussion

Regarding the admission of evidence, Fletcher generally cites authority for the propositions that no witness may voice an opinion as to guilt or innocence, *see Boyde v. State*, 513 S.W.2d 588, 590 (Tex. Crim. App. 1974), that the intent of the defendant is a fact question to be determined by the jury from all the facts and circumstances of the evidence, *see Hemphill v. State*, 505 S.W.2d 560, 562 (Tex. Crim. App. 1974), and that the testimony of any witness regarding state of mind of another is pure speculation and, therefore, incompetent.  *See Steve v. State*, 614 S.W.2d 137, 139 (Tex. Crim. App. 1981).  We find Fletcher's argument unpersuasive.

Detective Mican's testimony was based on his observations of what took place contemporaneously to the offense.  When such an opinion is drawn from the witness's own experiences or observations, as in this case, it is proper.  *See Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002) (explaining that a witness's testimony can include opinions, beliefs, or inferences as long as they are drawn from his or her own experiences or observations); *Fairow v. State*, 943 S.W.2d 895, 898–901 (Tex. Crim. App. 1997) (en banc).  Rule of evidence 701 states that a non-expert "witness'[s] testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue."  TEX. R. EVID. 701; *see Osbourn*, 92 S.W.3d at 535.  And rule of evidence 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  TEX. R. Evid. 602.

6

Detective Mican's personal knowledge of the matter, including details of his entry into the hotel room and what he saw upon his entry, formed the basis of his objective perception of events and his lay opinion testimony regarding the people in the motel room. *See id.* at R. 602 & R. 701; *Osbourn*, 92 S.W.3d at 535. This opinion summed up his testimony. It was a rational conclusion based on his personal knowledge and was helpful to the determination of a fact in issue. *See* TEX. R. EVID. 701; *Osbourn*, 92 S.W.3d at 535. Because the record supports the trial court's decision to admit Detective Mican's lay opinion testimony under rule 701, a theory of law applicable in this case, we conclude the trial court did not abuse its discretion by denying any motion to exclude the testimony. *See Martinez*, 327 S.W.3d at 736; *De La Paz*, 279 S.W.3d at 344. Accordingly, counsel's assistance was not deficient for not objecting to admissible testimony. *See Ex parte Martinez*, 330 S.W.3d at 901.

Having concluded that Fletcher did not meet the first prong of *Strickland*—the deficient-performance prong, we need not address the second prong—the prejudice prong. *See Strickland*, 466 U.S. at 697; *Cox*, 389 S.W.3d at 819. We overrule Fletcher's third issue.

## V. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 30th
day of January, 2014.

7