

NUMBER 13-13-00360-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARIA TERESA BROWN,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 404th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

We withdraw our opinion and judgment dated February 13, 2014 and issue the following opinion and accompanying judgment in their place. Appellant Marie Teresa Brown's motion for rehearing is denied. By one issue, appellant challenges her conviction for driving while intoxicated, third offense. *See* TEX. PENAL CODE ANN. §§ 49.04,

49.09(b)(2) (West, Westlaw through 2013 3d C.S.). Specifically, appellant contends that she received ineffective assistance of counsel. We affirm.

## I. BACKGROUND

San Benito Police Department Officer Ariel Villafranca testified at trial that on the night of July 18, 2011, he observed a car driving in front of him veer across the opposite lane of traffic, climb over the curb, and collide with a tree. Villafranca testified that he did not observe any reason for the vehicle to veer off the road. He approached the vehicle to see if the driver needed assistance, but the driver, appellant, indicated that she was not injured. Both Villafranca and Officer Carlos Andrade, who arrived to back up Villafranca, testified that they smelled alcohol coming from appellant and observed a bottle of tequila in the car. However, the bottle did not appear on the inventory of the vehicle's contents after the car was impounded.

Villafranca administered the walk-and-turn, stand-on-one-leg, and horizontal gaze nystagmus field sobriety tests to appellant while Andrade observed. Villafranca testified that appellant had severe horizontal gaze nystagmus and performed poorly on the coordination tests. Villafranca tried several times to administer a breathalyzer test to appellant, but each time, the result came back "invalid test." Marie Montoya, an employee of a private company that maintains the police department's breathalyzers and certifies officers to operate them, testified at trial that the machine was operating correctly and that the result "invalid test" meant that the person being tested did not give an adequate sample of breath.

The State charged appellant by indictment with driving while intoxicated, third offense. *See id.* The jury returned a verdict of guilty, and the trial court imposed a

sentence of five years' imprisonment in the Texas Department of Criminal Justice—Institutional Division, suspended the sentence, and placed appellant on probation for six years. Appellant filed a pro se motion for new trial that was denied by the trial court. Appellant's newly appointed appellate counsel moved for rehearing on the motion, which the court denied following another hearing in which appellant testified. This appeal followed.

## II. DISCUSSION

By one issue, which appellant divides into two sub-issues, appellant argues that her counsel performed deficiently and that counsel's deficient performance raised a reasonable probability that the outcome of the trial would have been different.

### 1. Standard of Review and Applicable Law

We evaluate claims of ineffective assistance of counsel under the strict standards set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). Under the *Strickland* standard, appellant must show by a preponderance of evidence that: (1) trial counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the result of the proceeding would have been different but for the attorney's deficient performance. *Strickland*, 466 U.S. at 687. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012) (quoting *Strickland*, 466 U.S. at 694). Appellate courts may address either prong first, and if an appellant fails to prove one prong of the test, we do not need to address the other prong. *Id.*

3

When evaluating the quality of trial counsel's representation, we look to "the totality of the representation and the particular circumstances of each case." *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Even though "a single egregious error of omission or commission" can constitute ineffective assistance, the Texas Court of Criminal Appeals has been hesitant to designate any particular error as ineffective assistance per se. *Id.* We apply "a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* Allegations of ineffectiveness must therefore be "firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Direct appeal is usually inadequate to make an ineffectiveness claim because the record is frequently undeveloped. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *see Cox*, 389 S.W.3d at 819 n.11 (observing that "a reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective-assistance claim"). The Texas Court of Criminal Appeals has explained that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State,* 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (citing *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002)). Unless counsel had an opportunity to explain his trial strategy, Texas appellate courts should "not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed,* 187 S.W.3d at 392 (quoting *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

## 2. Analysis

Appellant divides her ineffective assistance argument into two sub-issues. By her

first sub-issue, appellant asserts that counsel was ineffective for not: (1) allowing appellant to testify in order to present her own theory of the case; (2) calling the jail medical personnel who examined her; and (3) subpoenaing medical records created by the medical personnel during the examination.[1] We understand appellant as arguing that she wanted to testify during the trial as she did at the hearing on her motion for new trial, where she stated that she did not crash because she was intoxicated but because she suffered from night blindness, and she did not perform well on the sobriety tests because she was bruised and in shock. Appellant argues that the testimony of the medical personnel and the contents of the medical records would confirm her version of events and rebut Villafranca and Andrade's testimony that she was not injured.

Regarding counsel's failure to allow appellant to testify, in order to establish ineffective assistance of counsel on this ground, it is necessary for appellant to show where in the record she asserted her right to testify and that her attorney failed to protect that right. *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005). Even though appellant did eventually testify and present her own theory of the case at the hearing on her motion for new trial, appellant is unable to show that her counsel performed deficiently because she did not direct us to any place in the record where she asserted her right to testify and counsel failed to protect that right. *See id.* Regarding trial counsel's failure to call the jail medical personnel to testify, "failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available

---

[1] Although we evaluate ineffective assistance according to the totality of counsel's representation, *see Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999), we will address appellant's first sub-issue separately because she argues that the omissions mentioned there are alone sufficient to establish ineffective assistance of counsel.

and appellant would benefit from their testimony." *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (quoting *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) (en banc)). Appellant cannot establish deficient performance because she did not reveal the identities of the jail personnel she wanted to testify and did not show that those witnesses were available. *See id.* Finally, even if we assume that failing to subpoena the medical records was deficient performance, appellant has not explained what injuries the medical records would have revealed that would have affected her performance on the sobriety tests such that there would be a reasonable probability that the result of the proceeding would have been different. *See Cox*, 389 S.W.3d at 819 (holding that appellant must establish both deficient performance and prejudice).

By her second sub-issue, appellant argues that there is a reasonable probability that the result of her trial would have been different if her trial counsel had not made thirteen omissions and errors. Appellant argues that her trial counsel performed deficiently by:

> (1) failing to object to the introduction of the video from Villafranca's police vehicle;
>
> (2) failing to request a hearing on pretrial motions, "including failure to obtain a hearing to establish disclosure of expert witnesses";
>
> (3) failing to request a jury instruction after the trial judge sustained counsel's objection to improper argument;
>
> (4) failing "to properly cross examine on the issue how wearing glasses both interferes with and invalidates" a horizontal gaze nystagmus test;
>
> (5) failing to introduce "evidence of the condition of the grounds upon which the field sobriety tests were conducted in the form of photos or video";
>
> (6) failing to "properly object to admitted breathalyzer evidence as

inadmissible since the officer was the one who discontinued the test, while the [a]ppellant still wished to attempt to provide a sample";

(7) failing to "properly cross examine officer as expert on field sobriety tests, . . . and fail[ing] to disqualify officer or take [him] on voir dire to disqualify officer as expert on the issues that the officer does not know about the NHTSA training manual";

(8) attempting "to have officer prove up insurance report on total loss of vehicle";

(9) cross-examining the officer on the report he filled out about administering the breathalyzer test on the grounds that not all of the blanks were filled in but instead pursued a defensive theory which appellant does not detail;

(10) failing to "get the officer to testify as to whether he did or did not see the airbag deployment and cloud of white dust from the deployment of the airbag upon impact";

(11) failing to object to Montoya as an "undisclosed expert witness" or failing to secure a pretrial hearing on her qualifications as an expert that "would have foreclosed her testimony";

(12) failing to pursue his objection to the "results of the NCIC/TCIC investigation" to a ruling;[2] and

(13) failing to object to the investigator from the district attorney's office identifying appellant by her driver's license photo.

Appellant, however, does not explain in her brief why any of the objections should have been sustained by the trial court,[3] how she suffered prejudice as a result of counsel's failure to cross-examine several witnesses concerning issues related to the sobriety tests and their qualifications to testify about the tests,[4] or whether any pretrial motion would

---

[2] Appellant is referring to the testimony of Carlos Trevino, an investigator with the Cameron County District Attorney's Office. Trevino testified that he ran a check on appellant's driver's license number at the request of the prosecutor and then testified regarding appellant's previous arrest record.

[3] In order "[t]o show ineffective assistance of counsel for the failure to object during trial," appellant "must show that the trial judge would have committed error in overruling the objection." *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004).

[4] The Texas Court of Criminal Appeals has held that "[c]ross-examination is inherently risky, and

7

have been granted.[5]  Finally, even assuming that the third, fifth, eighth, and thirteenth alleged errors and omissions could constitute deficient performance, appellant does not explain how she suffered prejudice as a result of these alleged errors and omissions.  *See id.* (holding that appellant must establish both deficient performance and prejudice to succeed on an ineffective assistance of counsel claim).  Because appellant has not established that she suffered prejudice as a result of these alleged errors and omissions, we hold that appellant has not overcome the strong presumption that her counsel provided effective assistance.  *See Strickland*, 466 U.S. at 688.  We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

/s/ Nora L. Longoria
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of April, 2014.

---

a decision not to cross-examine a witness is often the result of wisdom acquired by experience." *Ex parte McFarland*, 163 S.W.3d 743, 753 (Tex. Crim. App. 2005).  Because "cross-examination is an art, not a science . . . it cannot adequately be judged in hindsight," *id.* at 756, and we will not find ineffective assistance of counsel unless the appellant can show that the cross-examination of the witness would have affected the outcome of the proceeding.  *See McKinney v. State*, 76 S.W.3d 463, 476 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (en banc) (refusing to find ineffective assistance of counsel when appellant did not point to any evidence that cross-examination of a witness would have undermined the reliability of the witness's testimony about the value of stolen goods).

[5]  "The failure to file pre-trial motions is not categorically deemed ineffective assistance of counsel because trial counsel may decide not to file pre-trial motions as part of his trial strategy." *Mares v. State*, 52 S.W.3d 886, 891 (Tex. App.—San Antonio 2001, pet. ref'd).  "To establish ineffective assistance of counsel for failure to file a motion with the trial court, a defendant must demonstrate that he would have succeeded on the motion." *Keller v. State*, 125 S.W.3d 600, 608 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004) (per curiam); *see Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.) (same).

8