**AFFIRMED and Opinion Filed June 16, 2023**



In the

**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-22-00156-CR

**THOMAS LINZ JOHNSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-58525-S**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Carlyle

Thomas Linz Johnson claims the trial court erred in competency proceedings, violating his due process rights, and that trial counsel was ineffective before, during, and after trial. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

### Article 46B Claims

Johnson claims he was impermissibly committed for more than "one initial period of restoration period and one extension" in violation of Texas Code of Criminal Procedure article 46B.085(a). Johnson has not pointed us to any trial objection raising this issue and therefore the issue presents nothing for our review.

*See* TEX. R. APP. P. 33.1(a); *see also Clark v. State*, 592 S.W.3d 919, 924 (Tex. App.—Texarkana 2019, pet. ref'd). Even assuming preservation, there is no error. Johnson ignores the effect of article 46B.084(e), allowing further commitment under subchapter E, entitled "Civil Commitment: Charges Pending."

After an initial 120-day confinement,[1] article 46B.073(b)(2), the court granted a 60-day extension, albeit having done so December 21, 2016, which was prior to the date the 120 days was to expire. Nevertheless, this extension did not run until the initial 120 days expired on January 26, 2017, and thus the extension ran until March 26, 2017. Before the end of this confinement, the trial court bench-warranted him back to Dallas County, doctors evaluated him, and the trial court found him incompetent to stand trial by order dated June 2, 2017. *See* TEX. CODE CRIM. PROC. arts. 46B.084(e), 46B.101. Based on that finding, the court ordered Johnson committed to the North Texas State Hospital for a period not to exceed 12 months. *Id.* Even had Johnson preserved error, because the trial court followed the applicable law, we would conclude there was no improper extension or recommitment.

Johnson next claims there was no notice from the "head of the facility," as required by article 46B.080(a), preceding an order extending the initial restoration period. After the head of the facility notified the trial court pursuant to article 46B.079, the parties agreed to the 60-day commitment extension. Johnson does not

---

[1] There is a delay between the trial court's April 6, 2016 judgment of incompetency to stand trial and Johnson's September 27, 2016 commitment to the North Texas State Hospital due to bed space issues.

present this court a record of any objection to this procedure. *See* TEX. R. APP. P. 33.1(a). And, Johnson conflates his statutory violation claim with one of due process, and in this situation, has presented no claim of constitutional error. *See Williams v. State*, No. 02-19-00484-CR, 2020 WL 6066198, at \*2 (Tex. App.—Fort Worth Oct. 15, 2020, no pet.) (mem. op.); TEX. R. APP. P. 44.2(b). In any event, the case later proceeded to trial, where Johnson was found guilty, and he has made no argument why this claimed error caused a violation of his substantial rights. *See Newman v. State*, 331 S.W.3d 447, 450 (Tex. Crim. App. 2011) (appellant must bring forward a record on appeal sufficient to show trial court error); TEX. R. APP. P. 44.2(b).

Johnson further claims his procedural due process right and right to counsel were violated due to a claimed failure of statutorily required notification to counsel that he had returned to Dallas County. *See* TEX. CODE CRIM. PROC. arts. 46B.079(c), .084(a)(1). Again, the record before this court contains no objection to not receiving notice, nor does it contain a document notifying him. The record fails to establish whether counsel received the document. Johnson provides no sufficient argument why any claimed failure of notification requires reversal of the jury's verdict and the court's sentence or how it led to an incorrect verdict. Like our disposition of the previous issue, we are unable to find a violation of substantial rights due to a claimed notification failure in the pre-trial competency proceedings. *See Williams*, 2020 WL 6066198, at \*2; *Newman*, 331 S.W.3d at 450; TEX. R. APP. P. 33.1(a), 44.2(b).

Johnson claims there was no written jury waiver, in contravention of Texas Health and Safety Code § 574.032(c), which statutory violation denied him procedural and substantive due process, as well as the Sixth Amendment right to the effective assistance of counsel. His argument fails at the first premise because it ignores part of the statute, which provides an exception to a written jury waiver when "the proposed patient or the attorney orally waives the right to a jury in the court's presence." *See* TEX. HEALTH & SAFETY CODE § 574.032(c). The parties agree the record indicates a jury waiver, and therefore, because we find no statutory violation, we reject this issue.[2]

Johnson also claims error in the trial court's failure to conduct a rule 702 hearing regarding the qualifications of a State expert witness, as well as the reliability of the testimony. At trial, "the proponent of scientific evidence is not typically called upon to establish its empirical reliability as a predicate to admission unless and until the opponent of that evidence raises an objection under Rule 702." *State v. Esparza*, 413 S.W.3d 81, 86 (Tex. Crim. App. 2013). Further, the opponent of such evidence must object at trial to preserve an issue for appeal. TEX. R. APP. P. 33.1(a)(1). Because there was no objection at trial, this issue presents nothing for our review.

---

[2] In any event, Johnson makes no argument why a statutorily compliant jury waiver would affect his due process rights, instead attempting, in two sentences without citing a case or statute, an argument for expanding appellate consideration of ineffective assistance from counsel-based error to trial-court-based errors. We reject this argument.

**Ineffective Assistance Claims**

To establish the ineffective assistance of counsel, Johnson must establish by a preponderance of the evidence that (1) his counsel committed errors so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012).

We first address Johnson's claim relying on an exception to these basic constitutional requirements: when trial counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing." *See United States v. Cronic*, 466 U.S. 648, 659 (1984). On appeal, Johnson argues counsel failed to file pretrial motions, failed to challenge claims regarding his mental status at multiple points, failed to object to hearsay testimony, and failed to cross-examine witnesses from the murder scene. Not only do these arguments fail to cover the broad territory required to establish the total failure of adversarial testing, they also incompletely describe the legal environment within which the trial occurred.

Trial counsel filed an omnibus pretrial motion with multiple requests aimed at guarding Johnson's trial rights. There was a notice that he intended to offer evidence of insanity. Counsel successfully argued the court should allow Johnson to sit at counsel table without shackles. Counsel actively participated in voir dire. Counsel engaged in cross-examination of multiple State witnesses that, though not

ultimately successful, undercut their testimony or assisted his mental state arguments. Counsel also succeeded in keeping certain evidence out of the trial, and moved for an instructed verdict. Indeed, Johnson stated in a colloquy that he had directed counsel not to call defense witnesses, and that there were no defense fact witnesses. He all but admitted his guilt and expressed a preference for attempting to minimize his punishment. On this record, we cannot conclude there was the complete failure of meaningful adversarial testing. *See Cronic*, 466 U.S. at 659; *see also Bell v. Cone*, 535 U.S. 685, 697 (2002); *Ex parte McFarland*, 163 S.W.3d 743, 752 (Tex. Crim. App. 2005).

Johnson also makes a *Cronic* claim for counsel's performance during the incompetency phase of this case. His complaints center on the lack of record, and after minimal appellate argument, Johnson recites the familiar statement that "It is a violation of due process to put a mentally incompetent person on trial." He claims counsel should have requested a mistrial "under these circumstances," but has failed to adequately describe any deficient performance, and to any extent he has, the record on direct appeal lacks support for this claim. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (the undeveloped record on direct appeal is rarely sufficient to support an ineffective assistance of counsel finding).

Next, to the extent Johnson complains counsel was ineffective for admitting his guilt, we cannot find ineffectiveness on this record. *See McCoy v. Louisiana*, 138 S. Ct. 1500, 1510 (2018). As an initial matter, the record includes Johnson's

testimony, agreeing he had "always" told counsel he "understood and fully expect[ed] that [he would] be found guilty. And that the only real issue before the jury in this case is gonna be the issue of punishment." He agreed that the strategy was that they would not "necessarily [be] contesting the guilt in the case," but would be "forcing the State to at least meet their burden of proof." Johnson agreed he was satisfied with counsel and that counsel had "done everything" he had "requested [him] to do." Johnson never objected to this strategy. *See Turner v. State*, 570 S.W.3d 250, 276 (Tex. Crim. App. 2018) (defendant must express statements of his will to maintain innocence, but is not required to "object with the precision of an attorney"). We overrule this basis for finding the ineffective assistance of counsel.

We continue, addressing Johnson's laundry list of ineffective assistance claims, with the following precepts of law in mind. We presume sound trial strategy in the absence of evidence of counsel's strategic motives, and may not reverse for ineffective assistance of counsel on direct appeal when counsel's actions or omissions may have been based on tactical decisions for which the record contains no specific explanation. *See Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). We may find ineffective assistance of counsel as a matter of law when no reasonable trial strategy could justify trial counsel's conduct, regardless whether the record adequately reflects the subjective reasons for the conduct in question. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). But when counsel has not had an opportunity to explain his conduct, we should refrain from finding

ineffective assistance of counsel unless the conduct was so outrageous that no competent attorney would have engaged in it. *See Goodspeed*, 187 S.W.3d at 392 (cleaned up).

Johnson complains counsel was ineffective for not filing a "motion to suppress or set aside the affidavit along with a *Franks Hearing*."[3] Though he creatively attacks nearly every sentence in the affidavit in isolation, Johnson completely fails to address his statements in the affidavit such as the unprompted, "I just committed capital murder," as well as a later, post-*Miranda* admission of killing the victim. The failure to wrestle with these admissions, which dovetail with the entire rest of the affidavit and undercut any argument that he made the required "substantial preliminary showing that a false statement was made in the affidavit," *see Harris*, 227 S.W.3d at 85, is fatal to this ineffectiveness claim on the record before this court. *See Goodspeed*, 187 S.W.3d at 392.

Johnson quibbles with counsel's voir dire performance in two sentences of case-citation-less argument, followed by two pages of quotes from voir dire itself. Because the skeletal argument—that counsel should have moved for a change of venue or request a mistrial—fails without further briefing, TEX. R. APP. P. 38.1(i),

---

[3] When a defendant makes a substantial preliminary showing that an affiant—knowingly and intentionally or with reckless disregard for the truth—made a false statement in a warrant affidavit, he may be entitled to a hearing. *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); *Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007).

and fails for an insufficient record of counsel's potential strategy, *see Thompson*, 9 S.W.3d at 813–14, we reject it.

Johnson next complains of counsel's "Trial Performance" for failure to request mistrial due to multiple "violations" of "The Rule," which he defines as meaning that witnesses cannot discuss case facts "with anyone other than the Court and the attorneys." He proceeds to complain about in-court, mid-trial, before-the-jury questioning as a violation because he claims certain questions previewed facts previously unknown to those witnesses. Questioning by an attorney of a witness on the witness stand in front of the jury is explicitly allowed under any interpretation of trial rules in our system of jurisprudence. Without a more detailed record, we are unable to identify any deficient performance in counsel's failure to object or request a mistrial. *See Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813–14.

Johnson complains counsel erred by stipulating to a serology report because nothing in the record suggests "counsel is a scientist," because the State had not yet established chain of custody on the record, and perhaps because of unmentioned yet vaguely referenced Confrontation Clause claims. Johnson fails to actually argue on appeal about the effect not stipulating to the report would have had on the outcome. The ineffectiveness argument fails to identify how there was a "reasonable probability of a different outcome" in a trial without the claimed errors. *See Cox*, 389 S.W.3d at 819. And in any event, an attorney may have any number of strategic reasons for deciding to stipulate to an expert report, so without record development

of those reasons, we are unable to effectively evaluate this claim. *See Goodspeed*, 187 S.W.3d at 392.

Johnson complains of counsel's post-trial performance, referencing counsel's motion for new trial and a failure to obtain a ruling on it. Johnson recites affidavit testimony from prior habeas proceedings seeking permission for an out-of-time appeal, which the Court of Criminal Appeals allowed. *See Ex parte Johnson*, No. WR-91,959-01, 2022 WL 301840 (Tex. Crim. App. Feb. 2, 2022). The Court of Criminal Appeals has resolved the issue of counsel's performance regarding the appeal, over which this court has no jurisdiction. *See* Tex. Code Crim. Proc. arts. 11.05; 11.07, § 5; Tex. Gov't Code § 22.221(d). Johnson appears to make the failure to file a notice of appeal part of a broader claim of cumulative ineffectiveness throughout the proceedings, which we reject due to our lack of jurisdiction and due to the finality of the habeas proceedings, where he received relief.

Johnson next argues counsel was ineffective for failing to call experts on his mental illness and his failure to cross-examine witnesses who "tersely and inappropriately commented" on his mental status. He quotes reports, and claims the record reveals that at trial, he was delusional in believing he was a prophet. Johnson's arguments ignore that trial counsel could have made strategic decisions for his actions and omissions in this regard and without testimony, discovery, and other record development, we cannot adequately evaluate this issue on direct appeal. *See Goodspeed*, 187 S.W.3d at 392.

–10–

Johnson continues, arguing counsel provided "no meaningful adversary testing," and quoting voir dire statements, opening statement, as well as counsel's Omnibus Pretrial Motion. But Johnson makes no attempt to argue how the quoted portions of the record were deficient performance or the reasonable probability of a different outcome based on them. For failure both of briefing, TEX. R. APP. P. 38.1(i), and for an insufficient direct appeal record of counsel's potential strategy for these actions, *see Thompson*, 9 S.W.3d at 813–14, we reject this claim.

Johnson further claims of counsel's trial performance, repeating his arguments about counsel's strategy to put the State to its burden but not to contest guilt. In support, Johnson's appellate brief again quotes lengthy portions of the trial but makes minimal meaningful appellate argument. Johnson makes a vague article 38.22 claim and cites scholarship regarding false confessions. In any event, the direct appeal record is insufficiently developed for us to consider this claim, to the extent it is different from Johnson's other claims. *See Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813–14.

Johnson next argues that trial counsel was ineffective for failing to properly investigate the case. To the extent this claim relies on matters not in the appellate record attached to his brief, we are not empowered to review it. *See Estrada v. State*, No. 14-17-00410-CR, 2018 WL 5914504, at *3 (Tex. App.—Houston [14th Dist.] Nov. 13, 2018, pet. ref'd) (mem. op.) (citing cases). In any event, much of Johnson's argument in this claim attempts to retry the case and challenge evidentiary

–11–

sufficiency instead of claiming ineffective assistance of counsel. We reject those arguments because the evidence supporting Johnson's guilt is plainly sufficient, *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979), and because the record at this point is too undeveloped on certain potentially strategic matters. *See Goodspeed*, 187 S.W.3d at 392.

Johnson also complains counsel should have objected to Crime Scene Detective Seth Rosenberg's testimony about pictures and DNA swabs he took for "possible blood" and that he photographed a cut on Johnson's knuckle because it was possibly due to a defense wound or was self-inflicted from hitting something. Johnson claims these were scientific matters and Detective Rosenberg hadn't been qualified as an expert so counsel should have objected and the court should have, apparently sua sponte, granted a mistrial. On this record, we cannot conclude that the failure to object to testimony from a crime scene photographer about why he took certain photos and DNA swabs was deficient performance or that there was a reasonable probability the trial's outcome would have been different had it been deficient not to object. *See Cox*, 389 S.W.3d at 819; *Goodspeed*, 187 S.W.3d at 392.

Johnson next makes a medley of ineffectiveness complaints based on the status of the various counsel at trial. He first complains that his initial trial counsel withdrew in an "undated" motion such that "the transaction evade[s] review," in some way due to counsel accepting a position in the prosecuting District Attorney's office. Johnson makes no further argument regarding the initial trial counsel and we

find no ineffectiveness in the failure to object to a conflicted lawyer's motion to withdraw.

Johnson also complains of various claimed procedural issues with the appointment of the attorney pro tem selected to prosecute the case instead of the elected District Attorney. He further complains that a second attorney appointed as an attorney pro tem to assist in the trial was a former prosecutor who "represented the 'Lion's Share' of the State's interest at trial." Other than attempt to recite the litany of what happened in conspiratorial tones, Johnson makes no argument how it was deficient performance for counsel not to object and fails to describe any reasonable probability of a different outcome based on a successful objection. On this record, we overrule the issue. *See Cox*, 389 S.W.3d at 819; *Goodspeed*, 187 S.W.3d at 392.

Johnson's final assignment of error is entitled "Closing," and consists of three sentences presenting three different arguments. The first is about how the court's "60 days extension in December 2016" deprived him of an opportunity to meet with trial counsel when he was determined competent to stand trial. The second says Drs. Proctor and Compton evaluated him without a court order, was "misconduct by the State," and deprived him of equal protection of federal and state laws. Lastly, he complains that Dr. Roger's report was based on insufficient evidence. None of these complaints presents an argument for the ineffective assistance of counsel, and if they did, the record is undeveloped such that we may not grant relief on that basis. *See*

*Goodspeed*, 187 S.W.3d at 392. To the extent Johnson assigns some talismanic error in these disjointed statements, and to the extent we have not already addressed these complaints within our Chapter 46B discussion above, they present nothing for our review.

Finally, to the extent Johnson argues ineffective assistance of counsel from the cumulative effect of counsel's representation, we have identified no error on the record before us and therefore have no basis on which to agree. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1998) (non-errors may not cumulate to cause error).

Having overruled Johnson's varied complaints, we affirm the judgment of the trial court.

<table>
<tr><td></td><td>/Cory L. Carlyle//</td></tr>
<tr><td>220156f.u05</td><td>CORY L. CARLYLE</td></tr>
<tr><td>Do Not Publish</td><td>JUSTICE</td></tr>
<tr><td>Tex. R. App. P. 47.2(b)</td><td></td></tr>
</table>



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THOMAS LINZ JOHNSON,
Appellant

No. 05-22-00156-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F15-58525-S.
Opinion delivered by Justice Carlyle.
Justices Goldstein and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 16th day of June, 2023.