**Opinion filed August 13, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00290-CR

_____

**EDWARD LEE MEDINA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-41,124**

### M E M O R A N D U M   O P I N I O N

The jury found Edward Lee Medina guilty of the offenses of sexual assault and assault-family violence. The jury assessed punishment at confinement for twenty-five years and fifteen years, respectively, and the trial court sentenced Appellant accordingly. Appellant raises two issues on appeal. We affirm.

### I. *Evidence at Trial*

Appellant does not challenge the sufficiency of the evidence. Therefore, we will give only a brief recitation of the facts. The victim's neighbor heard Appellant

drive up to the victim's home, saw him beat on the front door three times, and saw him force the door open. When the neighbor heard the victim scream and then abruptly stop, she called 9-1-1. In response to the 9-1-1 call, James Wesley Chance, a deputy with the Ector County Sheriff's Office, was dispatched to the victim's house.

Deputy Chance knew from dispatch that a protective order existed against Appellant. Deputy Chance arrived at the victim's home, knocked on the door, and announced himself. When the victim came to the door, Deputy Chance saw that she had been crying. He also saw that the victim's face appeared red and that she had a mark on her back that looked like a bite mark or a place where she had been hit. Deputy Chance subsequently arrested Appellant.

On cross-examination, Appellant's counsel questioned the neighbor about the 9-1-1 call. Counsel elicited testimony from the neighbor that she only assumed that Appellant abused the victim. The State produced testimony from the neighbor, and other witnesses, about additional times that Appellant had abused the victim. Appellant's counsel requested a limiting instruction on at least one extraneous offense, but the trial court denied the request. In its charge to the jury, the trial court instructed the jury that it was not to use the evidence of extraneous offenses as evidence of guilt.

The State offered into evidence a recording of a telephone conversation between Appellant and the victim that took place while Appellant was in jail. In the recording, the victim said that Appellant had attacked her. The recording also contains Appellant's admission that he had done so. Appellant's counsel objected to the recording on the grounds of authentication, relevance, and Rule 404(b). *See* TEX. R. EVID. 404(b). The trial court overruled his objections and admitted the recording.

2

## II. *Issues Presented*

Appellant argues in his first issue on appeal that the trial court erred when it admitted the recording of the telephone call made while he was in jail because the recording was hearsay. Appellant contends in his second issue that he received ineffective assistance of counsel.

## III. *Analysis*

### A. Issue One: Hearsay Statements

To preserve error on appeal, the record must show that the party made a timely, specific objection to make the trial court aware of the complaint and obtained a ruling from the trial court. TEX. R. APP. P. 33.1(a). An objection at trial that states one legal theory cannot be used to support a different legal theory on appeal. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (quoting *Johnson v. State*, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990)); *Ellason v. State*, 815 S.W.2d 656, 665 (Tex. Crim. App. 1991). A party does not preserve error if he objects to an exhibit, part of which is admissible, without specifically pointing out what part is inadmissible. *Hernandez v. State*, 599 S.W.2d 614, 617 (Tex. Crim. App. 1980) (op. on reh'g).

Hearsay is a statement that is not made by the declarant while testifying at the current trial or hearing and that is offered in evidence "to prove the truth of the matter asserted"; hearsay is generally inadmissible. TEX. R. EVID. 801(d), 802. An opposing party's statement offered against him is not hearsay. TEX. R. EVID. 801(e)(2). A statement against interest is an exception to the hearsay rule. TEX. R. EVID. 803(24). "Inadmissible hearsay admitted without objection may not be denied probative value merely because it is hearsay." TEX. R. EVID. 802.

Appellant's counsel objected to the jailhouse recording on the grounds of authentication, relevance, and Rule 404(b). Those objections do not comport with his issue on appeal that the recording contained inadmissible hearsay, and Appellant

3

has not preserved error. *See Broxton*, 909 S.W.2d at 918. Even if Appellant's counsel had objected to the recording on hearsay grounds, he objected "to the whole thing" without identifying the parts that were inadmissible hearsay. Furthermore, even if Appellant's counsel had preserved error, Appellant's statements on the recording were his own statements that the State used against him and were statements against interest; therefore, Appellant's statements either were not hearsay or were an exception to the hearsay rule and were admissible. *See* TEX. R. EVID. 801(e)(2), 803(24). Furthermore, even if error was preserved and the victim's statements were inadmissible hearsay, no harm could have occurred because the victim's statements were cumulative of Appellant's properly admitted statements. *See* TEX. R. APP. P. 44.2(b); *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986). We overrule Appellant's first issue.

### B. Issue Two: Ineffective Assistance of Counsel

Appellant asserts that he received ineffective assistance from his trial counsel. Appellant complains that his trial counsel's performance was deficient because counsel did not preserve error on his objections to the jailhouse recording and, through his own questioning, allowed the State to introduce extraneous offenses.

The benchmark for evaluating an ineffective-assistance-of-counsel claim is whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The *Strickland* test has two prongs: (1) a performance standard and (2) a prejudice standard. *Id.* at 687. For the performance standard, we must determine whether Appellant has shown that counsel's representation fell below an objective standard of reasonableness. *Id.* If so, we then determine whether there is a reasonable probability that the outcome

would have differed but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Strickland*, 466 U.S. at 686; *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

The reasonable probability must rise to the level that it undermines confidence in the outcome of the trial. *Isham v. State*, 258 S.W.3d 244, 250 (Tex. App.— Eastland 2008, pet. ref'd). A failure to make a showing under either prong of the *Strickland* test defeats a claim of ineffective assistance of counsel. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010); *Andrews*, 159 S.W.3d at 101. A reviewing court need not consider both prongs of the *Strickland* test and can dispose of an ineffectiveness claim on either prong. *Walker v. State*, 406 S.W.3d 590, 594 (Tex. App.—Eastland 2013, pet. ref'd) (citing *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012)); *see Strickland*, 466 U.S. at 697.

The first prong of *Strickland* requires Appellant to establish that trial counsel provided deficient assistance of counsel. There is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Isham*, 258 S.W.3d at 250. To overcome this deferential presumption, an allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). In most cases, a silent record that does not explain counsel's actions will not overcome the strong presumption of reasonable assistance. *Id.* Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Hayden v. State*, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd). The record on direct appeal will rarely be sufficient to show that trial counsel's representation was so lacking as to overcome the presumption of reasonable conduct. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

We do not inquire into trial strategy unless no plausible basis exists for trial counsel's actions. *Johnson v. State*, 614 S.W.2d 148, 152 (Tex. Crim. App. [Panel Op.] 1981). When the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude counsel's performance was deficient unless his actions were so outrageous that no competent attorney would have engaged in them. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). We presume that a jury will follow the judge's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

Whether Appellant's counsel properly preserved error as to the jailhouse recording is irrelevant because the victim's statements in the recording were cumulative of Appellant's statements. As to counsel's line of questioning that allowed in extraneous offenses, a plausible basis exists for counsel's actions: counsel tried to show that the witness did not know of any abuse. Counsel elicited testimony that the witness only made assumptions.

Counsel subsequently asked for a limiting instruction on extraneous offenses, but the trial court denied his request. The charge of the court, however, included a limiting instruction that "[s]uch evidence [of other bad acts] cannot be considered by you [the jury] against [Appellant] as any evidence of guilt in this case." Counsel mentioned this instruction in closing argument. There is no evidence to suggest that the jury did not follow the court's instructions. *See id.* We cannot conclude, as to either allegation, that counsel's actions were deficient or were so outrageous that no competent attorney would do likewise. *See Goodspeed*, 187 S.W.3d at 392. Because Appellant has not satisfied the first prong of *Strickland*, we do not reach the second prong. *See Perez*, 310 S.W.3d at 893; *Isham*, 258 S.W.3d at 250. We overrule Appellant's second issue.

IV. *Conclusion*

After a review of the record, we hold that Appellant failed to preserve the contention made in his first issue and that, had he preserved error, no harm occurred. *See Broxton*, 909 S.W.2d at 918; *see also* TEX. R. APP. P. 44.2(b); *Motilla*, 78 S.W.3d at 355; *Brooks*, 990 S.W.2d at 287. We also hold that Appellant has not shown that his counsel's actions were deficient. *See Goodspeed*, 187 S.W.3d at 392.

V. *This Court's Ruling*

We affirm the judgments of the trial court.


MIKE WILLSON

JUSTICE


August 13, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.