**Affirmed and Opinion filed August 18, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00451-CR

## JOSHUA BULLOCK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1399389**

## O P I N I O N

Appellant Joshua Bullock appeals from his conviction for aggravated robbery. After appellant pleaded guilty and elected to have the trial judge assess punishment, the trial court held a punishment hearing and sentenced him to 15 years' imprisonment. In a single issue on appeal, appellant contends that he received ineffective assistance of counsel during the punishment phase.

## *Background*

Appellant was charged with aggravated robbery after he and another individual stole a woman's mobile phone at gunpoint. Appellant pleaded guilty to the aggravated robbery charge without an agreed recommendation on punishment. A presentence investigation report was prepared and admitted into evidence at the punishment hearing.

Also during the punishment hearing, appellant's trial counsel called appellant's mother to testify on his behalf. His mother testified that she had observed a change in appellant's behavior since this incident and that appellant had learned that there are consequences for his actions. She also testified that she would be able to help appellant abide by the terms and conditions if he were given deferred adjudication. On cross-examination, the State elicited testimony that appellant was involved repeatedly in unlawful activities while these charges were pending. These activities included theft of his father's vehicle, fighting with his girlfriend, and possession of marijuana. Appellant's mother also testified that, on another occasion, she and appellant were charged together with possession of marijuana, possession of a handgun, and tampering with evidence.

Trial counsel urged the court to grant appellant probation, conditioned on completing a residential program and counseling, alleging that appellant had suffered a "deficit in terms of parenting ability" and needed therapy. Trial counsel further stated that "some of us start out with more cards in our hands than others. And as you can see from the testimony concerning [appellant's] childhood, that the cards [appellant] began with were not high ones." Trial counsel also advised the trial court that prison would be of no benefit to appellant or society because it would only train him to become a better criminal.

The trial court sentenced appellant to 15 years in the Institutional Division of

2

the Texas Department of Corrections, noting that appellant, who also testified, did "not give [the trial court] one reason . . . to believe that [appellant] at any point [would] gain the maturity in order to be on [] probation." The trial court further explained that, through no fault of trial counsel, appellant had done nothing to ensure that he could be trusted on probation.[1] Indeed, the court specifically highlighted appellant's several arrests while he was out on bond.

## *Discussion*

In one issue, appellant contends he received ineffective assistance of counsel during the punishment hearing. The United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To demonstrate ineffective assistance of counsel, an appellant must first show that counsel's performance was deficient, i.e., that counsel's assistance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *see also Hernandez v. State*, 988 S.W.2d 770, 774 (Tex. Crim. App. 1999) (holding that the standard for reviewing claims of ineffective assistance of counsel during the punishment and guilt phases is the same). Second, a defendant must show this deficiency was so prejudicial that it rendered the trial unfair, i.e., there is a reasonable probability that, but for counsel's damaging conduct, the outcome of the trial would have been different. *Thompson*, 9 S.W.3d at 812.

In reviewing an ineffective assistance claim, appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson*, 9 S.W.3d at 813. There is a strong presumption that "counsel's conduct

---

[1] The trial judge stated: "And don't you blame your lawyer for this. He's done everything that he can do—possibly do for you."

fell within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Any allegation of ineffectiveness must be firmly founded on the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. This is a difficult hurdle to overcome, for "the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). When the record is silent, as it is here because appellant did not file a motion for new trial, an appellate court should not engage in speculation regarding whether counsel's performance was deficient with the benefit of hindsight. *See id.* at 142.

Appellant complains that calling his mother as the only defense witness during the punishment hearing constituted ineffective assistance of counsel. Specifically, he contends that her testimony was so damaging to his case that there could be "no scenario under which the actions of counsel . . . could be considered 'sound trial strategy.'" He insists that counsel's placing his mother on the stand reflected either a lack of adequate preparation for the case or a reckless disregard for the outcome of the hearing. Appellant points to his mother's statements regarding his unlawful conduct that resulted in police intervention. All of the alleged conduct, which included theft of a vehicle, a domestic dispute, two drug charges, unlawful possession of a firearm, and evidence tampering, occurred while appellant's aggravated robbery charges were pending. The record is silent, however, as to trial counsel's strategy in calling this witness, and appellant does not indicate how the record supports his arguments.[2]

---

[2] The record does not indicate that trial counsel failed to investigate potential mitigating

4

It is possible that counsel determined that having appellant's mother testify was overall a positive strategy, even though some negative testimony might come out as a result. To begin with, it must be noted that evidence of appellant's other arrests while charges were pending was admitted as part of the presentence investigation report. Thus, trial counsel presumably would have known that the trial court would be considering this evidence regardless of any witness testimony.

Moreover, appellant's mother testified that she had seen a positive change in appellant's behavior since he was charged and that he had learned he was responsible for his own actions. She also testified that she would help appellant abide by the terms and conditions of deferred adjudication. Given the positive nature of this testimony and the fact the negative aspects of the testimony were already before the court, the record does not affirmatively demonstrate trial counsel's ineffectiveness. *See Thompson*, 9 S.W.3d at 813.

The record also supports the possibility that the mother's shortcomings as a parental figure were intended to provide trial counsel an argument for granting leniency to appellant. During closing argument, trial counsel urged the court to order probation and counseling, noting that appellant suffered a "deficit in terms of parenting ability." Counsel also stated that "some of us start out with more cards in our hands than others. And as you can see from the testimony concerning [appellant's] childhood, that the cards [appellant] began with were not high ones."

___

evidence or that counsel was aware of any additional mitigating evidence or witnesses who could have offered more positive testimony on appellant's behalf. Therefore, we may not consider whether counsel had other strategies at his disposal. *Cf. Wade v. State*, 164 S.W.3d 788, 796 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("A claim of ineffective assistance of counsel based on counsel's failure to call witnesses fails in the absence of a showing that such witnesses were available to testify *and* that the defendant would have benefitted from their testimony.") (citing *Wilkerson v. State*, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986), and *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). Instead, our analysis is constrained to the issue of whether the calling of *this* witness demonstrates counsel's unreasonable failure to provide a fair defense.

These statements appear to have been part of an attempt to convince the trial court that appellant deserved a chance to correct his behavior as opposed to being institutionalized. The choice to call appellant's mother as a witness may have been part of this trial strategy. *See West v. State*, No. 14-13-00896-CR, 2014 WL 6601216, at \*6-7 (Tex. App.—Houston [14th Dist.] Nov. 20, 2014, no pet.) (holding that appellant did not overcome presumption of reasonable assistance of counsel where, in the punishment phase, trial counsel only called appellant to testify and appellant was forced to admit on cross examination his negative attitude toward law enforcement, failure to hold a job, and assault of another individual with a hammer).

Because appellant failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness, we need not consider whether his case was prejudiced by counsel's performance. *See Thompson*, 9 S.W.3d at 813 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."). We overrule appellant's sole issue.

We affirm the trial court's judgment.


/s/     Martha Hill Jamison
Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Publish — Tex. R. App. P. 47.2(b).