**Affirmed and Memorandum Opinion filed June 25, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00623-CR

---

### TRAVIS E. SCOTT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 177th District Court
### Harris County, Texas
### Trial Court Cause No. 1457350

---

## M E M O R A N D U M   O P I N I O N

Appellant Travis E. Scott was indicted for burglary with the intent to commit assault, convicted at trial, and (after a mistrial at the punishment phase) sentenced to 30 years' imprisonment by a separate jury. Appellant timely filed this direct appeal alleging he was deprived of effective assistance of counsel at his criminal trial. We find Appellant failed to meet his burden and affirm his conviction.

## I.    Summary of Appellate Argument

Appellant argues he was deprived of his right to effective assistance of counsel because:

1.    his defense attorney failed to both (a) timely acquire purportedly exculpatory text messages and (b) attempt to introduce same at trial; and

2.    a police officer improperly testified concerning the credibility of a witness and his counsel failed to preserve the error.

Appellant also argues the cumulative effect of his trial counsel's ineffective representation deprived him of due process and a fair trial. We analyze these contentions below.

## II.    Standard of Review and Applicable Law

We review a trial court's ruling on a motion for new trial under an abuse of discretion standard. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). Where, as here, the motion for new trial alleges ineffective assistance of counsel, we must determine whether the trial court's resolution of the ineffective-assistance claim and denial of the motion for new trial were clearly wrong and outside the zone of reasonable disagreement. *Smith v. State*, 286 S.W.3d 333, 339-40 (Tex. Crim. App. 2009).

The Sixth Amendment to the United States Constitution guarantees an individual the right to effective assistance of counsel in a criminal prosecution. *See* U.S. Const. amend. VI; *see also Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); and *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). To prevail on a claim for ineffective assistance of counsel, an appellant must satisfy the two-pronged test established by *Strickland* and show (1) counsel's representation fell below the objective standard of reasonableness and (2) the deficient performance

prejudiced the defense. *Strickland*, 466 U.S. at 687; *see also Lopez*, 343 S.W.3d at 142; and *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffective-assistance claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The appellant bears the burden of proof in an ineffective-assistance claim and we review the effectiveness of counsel in light of the totality of the representation and the particular circumstances of each case. *Lopez*, 343 S.W.3d at 143; *see also Bullock v. State*, 473 S.W.3d 857, 860 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

To satisfy the first prong, the appellant must prove by a preponderance of the evidence that the trial counsel's performance fell below the objective standard of reasonableness under the prevailing professional norms. *Lopez*, 343 S.W.3d at 142. We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Hernandez*, 726 S.W.2d at 79. When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

For the second prong, counsel's deficient performance prejudiced the appellant if there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *see also Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cox*, 389 S.W.3d at 819 (internal quotation omitted).

**III. Relevant Facts**

The following facts are undisputed: Appellant had a relationship with the complaining witness "Martha", he went to her apartment on the night of February 8, 2015, he got into an argument with her brother, a disruption occurred inside Martha's apartment, and Appellant kicked in the apartment door (and injured at least one person inside). Appellant was indicted for burglary (with two enhancement paragraphs), pled not guilty, and proceeded to trial.

At trial, Martha testified (1) she was assaulted by her brother inside her home after Appellant's non-consensual entry and (2) she had ended her dating relationship with Appellant before said entry. Martha's brother and a Houston Police Department officer also testified Martha was assaulted after Appellant's entry. Appellant (against the advice of his counsel) elected to testify in his own defense.

Appellant testified Martha was assaulted *before* he entered her home. On cross-examination, the State asked Appellant if Martha was lying when she testified she had told him she "didn't want to see [him] anymore[.]" Appellant responded with, "I have pictures and texts, like, up to the birthday party." These texts were not introduced (until the motion for new trial) and the jury never saw them.

At closing, the State accused Appellant of lying when he claimed (1) Martha's brother assaulted her before Appellant kicked in her door, (2) he was in a dating relationship with Martha at the time, and (3) he had texts and photos from Martha to prove the nature of their relationship. The jury found Appellant guilty, Appellant timely appealed, and we have jurisdiction to hear his appeal.

**IV. Analysis**

**A. Text Messages**

Appellant first argues his attorney acted deficiently when he failed (1) to

4

acquire text messages between him and Martha before trial and (2) to proffer same at trial.[1] Appellant and his counsel materially disagree as to when the existence of these texts was revealed; Appellant's attorney testified he did not know about the texts until after the guilt/innocence phase of the trial while Appellant testified he had informed his attorney about the texts months beforehand. We have been presented with no evidence to suggest Appellant's attorney mislead the trial court (or was mistaken) or that the trial court abused its discretion when it (as the relevant finder of fact) believed Appellant's attorney over him. Under these facts, we lack authority to disturb the trial court's determination.

Appellant specifically suggests his counsel's stated conclusion that the texts were irrelevant (and said irrelevancy was the reason why he did not attempt to admit them) evidences his purported deficiency as counsel. However, Appellant's brief fails to demonstrate the manner in which said texts had any tendency to make any identifiable material fact more or less probable than it would have been without them; this is the clearly established standard for admissibility. *See* Tex. R. Evid. 401. Appellant's arguments fail to address the proper and nuanced query: how were the text messages relevant with respect to Appellant's trial for *burglary* (particularly in light of the complaining witness's agreement that she and Appellant previously had a relationship)?

Appellant was charged with burglary under Texas Penal Code section 30.02(a)(1), which requires the State to prove:

1. A person;

2. Without the effective consent of the owner;

---

[1] Within his first issue, Appellant contends the "trial court erred by not admitting the texts during the motion for new trial." However, Appellant provides no argument how any alleged error in the exclusion of the text messages during the motion for new trial hearing relates to or supports his ineffective assistance claim before this court.

3.      Enters;

4.      A habitation or a building (or any portion of a building) not then open to the public;

5.      With intent to commit a felony, theft, or assault.

Tex. Penal Code Ann. § 30.02(a)(1) (Vernon 2019). It appears that for present purposes, the first four elements are largely uncontested.

Appellant argues the text messages support his theory of the case, *i.e.,* "that [Appellant] heard Martha being assaulted and that was why he busted down the door." Appellant's theory, however, was contradicted via the testimony of Martha, her brother, and a Houston Police Department officer, each of whom testified Martha's brother assaulted her *after* Appellant entered the habitation. Under these facts, the texts evidencing the nature of Appellant's relationship with Martha had no tendency to prove any relevant fact concerning Appellant's non-consensual entry, particularly in light of Martha's agreement that they had previously had a relationship (thereby elevating their relationship beyond that of mere strangers and providing a plausible justification to protect her). The jury had every right to believe three people over Appellant in their role as factfinders in this case. Therefore, the irrelevance of the texts precludes the finding of harm Appellant requires for a successful appeal.

While Appellant's brief correctly cites many propositions of Texas law, none permit us to find harm where counsel correctly concluded the rules prohibited admission based on relevance, particularly where Appellant did not argue how his relationship with Martha was relevant to a key question before the jury, *i.e.,* when was Martha assaulted by her brother? Therefore, we overrule Appellant's first issue.

## B. Credibility

An officer who responded to the scene testified that he did not speak with

other residents of the apartment community outside of Martha's family. On cross-examination, defense counsel suggested through his questioning that the officer's investigative techniques were inadequate because the officer did not attempt to obtain impartial information from independent witnesses.

The prosecutor addressed this line of questioning on redirect examination:

Q.   Now, just because you didn't speak to an independent witness, does that mean that the credibility of the witnesses you did speak to is called into question at all?

DEFENSE:   Objection, Your Honor. That calls for speculation.

STATE:   Your Honor, the Defense counsel raised the question of whether or not the credibility of those witnesses is something that this witness was speculative of.

COURT:   Overruled.

Q.   Let me rephrase the question. Did you doubt the credibility of the witnesses you did speak to?

A.   No, sir.

Q.   And would that credibility have changed had you been able to speak to an independent witness?

A.   Not really.

Appellant now argues that his counsel was ineffective because counsel did not object to the officer's opinion testimony about the credibility of other witnesses.

The record does not reveal counsel's reasons for not continuing to press his objection to the officer's opinion testimony. That issue was not raised in appellant's motion for new trial, or in the live hearing on that motion. Because the record does not affirmatively demonstrate counsel's alleged ineffectiveness, we must presume that counsel's performance was reasonable. *See Thompson*, 9 S.W.3d at 813.

Even if we concluded that counsel's performance was deficient, Appellant has

not alleged or developed any argument as to how the outcome of his trial would have been different but for counsel's failure to object to the officer's opinion testimony. *See Cardenas v. State*, 30 S.W.3d 384, 391 (Tex. Crim. App. 2000). And we do not perceive how he could have suffered prejudice. This line of testimony was brief, and the officer's omission was not emphasized in closing arguments. Also, several family members testified as witnesses, which meant that the jury was able to determine for itself whether those witnesses were credible. Therefore, we overrule Appellant's second issue.

### C. Cumulative Error

Appellant argues that "the cumulative effect of Issues One and Two deprive[d] [him] of due process and a fair trial." In light of our conclusions in issues one and two that Appellant was not denied effective assistance of counsel, Appellant's argument that he was deprived of due process and a fair trial because of his trial counsel's alleged ineffective assistance is without merit. Therefore, we overrule Appellant's third issue.

## V. Conclusion

We overrule Appellant's issues and affirm the judgment of the trial court.

/s/     Meagan Hassan
         Justice

Panel consist of Justices Christopher, Zimmerer, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).